# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KEVIN LEE WEBER,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 05-CV-659-TCK-FHM |
| | ) |
| **DON STEWART, Warden,** | ) |
| **Cimarron Correctional Facility,** | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus proceeding. Petitioner is a state inmate represented by counsel. Respondent filed a response (Dkt. # 11), and provided the state court records (Dkt. # 12) necessary for adjudication of Petitioner's claim. Petitioner did not file a reply. For the reasons discussed below, the Court finds the petition should be denied.

### *BACKGROUND*

On November 13, 2002, Tulsa Police Officers intercepted a FedEx package containing over 4 ounces of methamphetamine. One of the officers posed as a FedEx employee and delivered the package to the address listed on the package. Petitioner Kevin Lee Weber accepted delivery and acknowledged that the package was addressed to him. The police obtained a search warrant for Petitioner's residence. Upon execution of the search warrant, the police officers recovered the opened FedEx package containing the methamphetamine. They also recovered 46 ounces of marijuana at the residence. No tax stamps were found on either the methamphetamine or the marijuana. At the scene, the police read Petitioner his Miranda[1] rights. Petitioner agreed to answer questions and told the police about his role as a middleman in the drug distribution operation.

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

As a result of these events, Petitioner was arrested, charged, and proceed to trial on four (4) counts: Trafficking in Illegal Drugs (Methamphetamine), Unlawful Possession of Marijuana, and two (2) counts of Failure to Obtain a Drug Tax Stamp, in Tulsa County District Court, Case No. CF-2002-5859. On June 11, 2003, Petitioner was found by a jury to be guilty on all four counts. On July 24, 2003, the trial court sentenced Petitioner in accordance with the jury's recommendation to twenty (20) years imprisonment and a $50,000 fine on the Trafficking conviction; one (1) year in custody of the Tulsa County Jail and a $1,000 fine on the Possession of Marijuana conviction; and a $5,000 fine on each of the Drug Tax Stamp convictions. Petitioner was represented at trial by attorney C. Rabon Martin.

Petitioner appealed his convictions and sentences to the Oklahoma Court of Criminal Appeals ("OCCA"). On appeal, he continued to be represented by attorney C. Rabon Martin. He raised three (3) propositions of error as follows:

> Proposition 1: By forcibly entering without prior announcement of authority and purpose, the officers violated 22 O.S. § 1228, requiring that the fruits thereof be suppressed.
>
> Proposition 2: The four (4) counts are duplicitous and three (3) of the four (4) must be stricken and only the least severe punishment may survive.
>
> Proposition 3: The Court below erred in determining that it lacked the jurisdictional power and the discretion to impose a lesser sentence than that recommended by the jury and/or a lesser fine, and/or to suspend all or some portion thereof.

(Dkt. # 11, Ex. A). In an unpublished summary opinion, filed September 9, 2004, in Case No. F-2003-881, see Dkt. # 11, Ex. C, the OCCA rejected each proposition of error and affirmed the Judgment and Sentence of the trial court. Petitioner did not seek post-conviction relief in the state courts.

Petitioner filed the instant habeas corpus petition on October 18, 2005 (Dkt. # 1). In his petition, Petitioner identifies one (1) ground of error, as follows:

> Ground 1: By forcibly entering without prior announcement of authority and purpose, the officers violated Amendment IV, U.S. Const., requiring that the fruits thereof be suppressed.

(Dkt. # 1). In response to the petition, Respondent argues that this Court is precluded from considering Petitioner's Fourth Amendment claim based on the holding of Stone v. Powell, 428 U.S. 465 (1976).

## *ANALYSIS*

### A. Exhaustion/Evidentiary Hearing

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). The Court finds that the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied in this case. In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

### B. Claims adjudicated by the OCCA

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S.

362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 150-51 (10th Cir. 2001). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). In this case, the OCCA adjudicated Petitioner's claim on direct appeal. Therefore, to the extent the claim is cognizable in a federal habeas corpus proceeding, Petitioner's claim shall be reviewed pursuant to § 2254(d).

### *Failure to suppress evidence obtained in violation of the Fourth Amendment*

As his sole proposition of error, Petitioner asserts that his conviction was obtained based on the introduction of evidence resulting from an unconstitutional search and seizure. Petitioner contends, as he did on direct appeal,[2] that the evidence should have been suppressed based on violations of the Fourth Amendment. See Dkt. # 1. On direct appeal, the OCCA rejected Petitioner's claim, finding that "the search was valid" and noting that "[t]he record supports the trial court's finding that the Officers properly knocked and announced prior to entering Weber's residence." See Dkt. # 9, Ex. C. The OCCA also declined Petitioner's request to require police officers to videotape their entry into a residence. Id.

In Stone v. Powell, 428 U.S. 465, 494 (1976), the Supreme Court held that where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at trial. The Tenth Circuit has reiterated that a federal habeas corpus court need not address a Fourth Amendment question as long as the state court

---

[2]On direct appeal, Petitioner focused his claim on a violation of state law, Okla. Stat. tit. 22, § 1228, but also raised Fourth Amendment concerns. See Dkt. # 11, Ex. A.

4

has given the petitioner a full and fair opportunity for a hearing on the issue. Miranda v. Cooper, 967 F.2d 392, 400-01 (10th Cir. 1992); Gamble v. State, 583 F.2d 1161, 1165 (10th Cir. 1978).

In the instant case, the record demonstrates that the state courts granted Petitioner a full and fair opportunity to litigate his Fourth Amendment claims alleging that the evidence should have been suppressed because it was obtained following an unconstitutional search and seizure. The record reflects that on February 6, 2003, Petitioner's attorney orally moved to suppress the evidence obtained following an allegedly unconstitutional execution of a search warrant. See Dkt. # 12, Trans. dated February 6, 2003. Thereafter, on February 27, 2003, Petitioner's attorney filed a written motion to suppress evidence. See Dkt. # 11, Ex. E. In that motion, counsel raised two (2) issues: (1) the search warrant was based upon illegally obtained evidence, and (2) the search warrant was illegally executed. Id. On April 17, 2003, at the conclusion of several continued hearings on the motion to suppress, the trial court denied the motion to suppress, finding that the execution of the search warrant was valid and that any interference with Petitioner's possessory interest in the FedEx package resulting from the transportation of the package from the FedEx office to the police station to obtain a search warrant was minimal. See Dkt. # 12, Trans. of proceedings heard April 17, 2003, at 24, 36. Petitioner also challenged the constitutionality of the search and seizure on direct appeal. See Dkt. # 11, Ex. A. However, the OCCA rejected the claim, albeit without extensive analysis of the constitutional issue. See Dkt. # 11, Ex. C.

After examination of the record, the Court concludes that Petitioner had a full and fair opportunity to litigate his Fourth Amendment claims challenging the search warrant and its execution in the state courts. As a result, this Court is precluded from considering the Fourth Amendment issue raised in Petitioner's petition for a writ of habeas corpus based on Stone, 428 U.S.

at 494. See also Gamble, 583 F.2d at 1165 (opportunity for full and fair litigation in state court under Stone v. Powell includes opportunity to raise Fourth Amendment claim, full and fair evidentiary hearing, and recognition and application of correct Fourth Amendment standards). Therefore, the Court concludes that Petitioner's request for habeas relief premised on a violation of the Fourth Amendment shall be denied.

## *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for a writ of habeas corpus (Dkt. # 1) is **denied**. A separate Judgment shall be entered in this case.

DATED THIS 25th day of February, 2009.

TERENCE KERN
UNITED STATES DISTRICT JUDGE